```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**LEVI LOVE,**
                       **Plaintiff,**

           v.                        CASE NO. 06-3210-SAC

**ROGER WERHOLTZ,**
**Secretary of Corrections,**
**et al.**

                       **Defendants.**

### ORDER

On April 27, 2007, this court entered a Memorandum and Order assessing an initial partial filing fee of $16.00 in this case in accordance with 28 U.S.C. § 1915(b)(1), and granting plaintiff thirty days to submit the assessed fee. Plaintiff was forewarned that failure to pay the partial fee within the time provided could result in dismissal of this action without further notice.

The time in which plaintiff was required to submit the initial partial filing fee has long since passed, and plaintiff has not paid the assessed fee. Nor has he sought an extension of time to pay the fee. Plaintiff filed a Response to the court's Memorandum and Order of April 27, 2007, addressing deficiencies in his complaint found during screening. In his Response, he also states "dismissal of complaint because plaintiff lacks funds is unconstitutional," and that he has not been allowed to work. Attached to plaintiff's Response is an Inmate Account Statement dated May 15, 2007.

Neither plaintiff's conclusory statements nor his more recent Inmate Account Statement excuse his failure to pay the

initial partial filing fee assessed by the court.  Plaintiff does not provide any facts, argument, or authority indicating the statute passed by Congress requiring courts to assess and collect an initial partial filing fee is unconstitutional.  Prisoner plaintiffs are now on an equal footing with non-prisoner litigants, in that they are required to decide whether or not to expend some of their limited, available resources to litigate matters in federal court.  Moreover, under the express terms of 28 U.S.C. § 1915(b)(1), the assessed fee is based upon the deposits or balances in the prisoner litigant's prison account during the six months preceding the filing of the lawsuit, and not just an inmate's wages from a prison work assignment or the lack thereof.  Plaintiff's exhibit does not show that he is unable to pay the assessed initial partial filing fee, and in fact the balance shown on the more recent statement is greater.  Plaintiff's handwritten note on the newer statement that the "Average Balance" on the Inmate Account Statement is "mandatory savings" is not convincing, since another attached page shows the "Savings" balance.

The court finds that plaintiff has failed to submit the initial partial filing fee properly assessed in this case, and that his objections to the fee are without merit.  It therefore concludes that this action must be dismissed, without prejudice, on account of plaintiff's failure to submit the part fee assessed by the court.  See Lucky v. Hargett, 125 F.3d 862 (10th Cir. Oct. 1, 1997, unpublished)[1].

**IT IS THEREFORE ORDERED** that this action is dismissed and

---

[1]   A copy of this unpublished opinion is attached in accordance with rules of the Tenth Circuit Court of Appeals.

2

all relief is denied, without prejudice, on account of plaintiff's failure to submit the assessed initial partial filing fee.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

**IT IS SO ORDERED**.

Dated this 2nd day of October, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

3